# Knobbe Martens Olson & Bear LLP

**Intellectual Property Law**

2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Tel 949-760-0404
Fax 949-760-9502
www.kmob.com

Jon W. Gurka
949-721-2830
jgurka@kmob.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/11

RECEIVED
JUN - 7 2011
CHAMBERS OF
COLLEEN MCMAHON

June 6, 2011

**VIA HAND DELIVERY**

The Honorable Colleen McMahon
Courtroom 14C
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Inventio AG v. Otis Elevator Co.*
      Civil Action No.: 06-CV-05377 (CM) (THK)

Dear Judge McMahon:

Plaintiff Inventio previously advised the Court in its Motion *in Limine* No. 2 that the Federal Circuit had taken *en banc* the case of *Therasense, Inc. v. Becton, Dickinson and Co.*, Appeal Nos. 2008-1511-14, -1595 (Fed. Cir. 2011), which related to the standards for proving inequitable conduct, one of Otis' defenses and affirmative counterclaims in this case. (Dkt. No. 201 at 4.) That decision, attached hereto, issued on May 25, 2011 and substantially heightened the standards for proving inequitable conduct. In light of these new requirements, Inventio asked Otis to voluntarily withdraw its inequitable conduct defense and counterclaim. Otis responded by withdrawing two of the three grounds on which it presently relies, but refused to withdraw the defense and counterclaim in its entirety. In light of the tougher standards imposed by *Therasense*, Schindler believes that Otis' lone remaining ground can be resolved by summary judgment before trial, thereby disposing of Otis' inequitable conduct defense and counterclaim in its entirety.

At trial, Otis intended to rely upon three references for its inequitable conduct defense and counterclaim: the Schroeder article, the Godwin article and the Nowak patent. ([Proposed] Final Pretrial Order at 18.) In response to Inventio's request that Otis withdraw its inequitable conduct defense and counterclaim, Otis agreed to limit its inequitable conduct claim to the Schroeder article only. Additionally, on June 2, 2011, Otis served a new expert report regarding the alleged materiality of the Schroeder article and a supplemental interrogatory response in view of the *Therasense* decision.

*Handwritten annotation:* I will not entertain a pretrial motion — I will rule on this issue on directed verdict. So don't waste your time briefing motion. I have no time for this. — Colleen McMahon 6/7/2011

San Diego
858-707-4000

San Francisco
415-954-4114

Los Angeles
310-551-3450

Riverside
951-781-9231

Seattle
206-405-2000

Washington, DC
202-640-6400

**Knobbe Martens Olson & Bear LLP**

The Honorable Colleen McMahon
June 6, 2011
Page -2-

In light of the heightened standards for proving the materiality and intent prongs of an inequitable conduct allegation set forth in the *Therasense* decision, Otis can present no evidence from which inequitable conduct could be found. Accordingly, Inventio respectfully requests that the Court set a briefing schedule on a motion for summary judgment in view of the *Therasense* decision before trial. Otis' supplemental interrogatory response and new expert report show that Otis has no evidence that Dr. Friedli ever read the Schroeder article, or that Dr. Friedli intended to deceive the Patent Office by its non-disclosure. To the contrary, the alleged evidence of intent on which Otis now bases its inequitable conduct claim was expressly rejected in the *Therasense* decision as insufficient to prove intent to deceive. Accordingly, Inventio seeks an opportunity to finally dispose of Otis' defense and counterclaim based on the Schroeder article on summary judgment.

Inventio also wishes to apprise the Court how the *Therasense* decision affects two of Inventio's pending motions *in limine* (Nos. 1 and 2). In its Motion *in Limine* No. 1 for Judgment on the Pleadings on Otis' Counterclaim for Inequitable Conduct (Dkt. No. 199), Inventio argued that Otis failed to plead any facts from which it could prove the intent prong of its inequitable conduct defense. *Id.* at 2-3. Specifically, Inventio contended that Otis alleged no facts from which the Court could find that Dr. Friedli knew of material information or that he deliberately withheld that information with the specific intent to deceive the Patent Office. *Id.* at 3 (*citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009)). Otis responded by arguing that a deceptive intent may be inferred because Dr. Friedli did not provide a credible explanation for failing to submit certain prior art references to the Patent Office. (Dkt. No. 250 at 4.) However, the Federal Circuit's *Therasense* decision expressly rejected reliance on the lack of an explanation as a basis to infer an intent to deceive the Patent Office. *Therasense*, Slip Op. at 26 ("The absence of a good faith explanation for withholding a material reference does not, by itself, prove intent to deceive."). The Federal Circuit further explained that "[p]roving that the applicant knew of a reference, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* at 25. Otis thus has pled no facts under which it could prevail on its inequitable conduct defense and counterclaim, and could not do so even if given leave to amend.

The Federal Circuit's *Therasense* decision also affects Inventio's Motion *in Limine* No. 2 to Bifurcate Otis' Inequitable Conduct Counterclaim from the Jury Trial (Dkt. No. 201). The Federal Circuit explained that the impetus for heightening the standards for proving inequitable conduct was because inequitable conduct had become a significant litigation strategy designed to impugn the inventor's credibility:

> Inequitable conduct charges cast a dark cloud over the patent's validity and paint the patentee as a bad actor. Because the doctrine focuses on the moral turpitude of the patentee with ruinous consequences for the reputation of his patent attorney, it discourages settlement and deflects attention from the merits of validity and infringement issues.

**Knobbe Martens Olson & Bear LLP**

The Honorable Colleen McMahon
June 6, 2011
Page -3-

*Therasense*, Slip Op. at 21. The Federal Circuit's discussion of the reasons for changing the inequitable conduct standards thus supports Inventio's position, discussed in its Motion *in Limine* No. 2, that inequitable conduct should not be presented to the jury for an advisory verdict because it would prejudicially divert attention from the primary issues the jury must decide and instead improperly focus "on the moral turpitude of the patentee."

Respectfully submitted,

*/s/ Jon W. Gurka*

Jon W. Gurka

Enclosure

cc: Michael J. Tiffany (without enclosure)
Mark Levine (without enclosure)

11360920