**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

June 7, 2011

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

*Via Facsimile* – 212-805-6326

WRITER'S DIRECT DIAL:
(312) 494-4454
mark.levine@bartlit-beck.com

The Honorable Colleen McMahon
Courtroom 14C
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/11
```

**MEMO ENDORSED**

Re: *Schindler Elevator Corp. v. Otis Elevator Co.*
Case No. 06-CV-05377 (CM) (THK)

Dear Judge McMahon:

This is in response to the letter of June 6, 2011 from Mr. Gurka for Inventio.

As Inventio noted, in response to the *Therasense* decision two weeks ago, Otis has agreed to limit its inequitable conduct claim to named inventor Dr. Friedli's failure to disclose an article written by his close colleague, Dr. Schroeder. Dr. Friedli also attended a conference where Dr. Schroeder presented the article. The evidence shows that Dr. Friedli intended to deceive the PTO by withholding this article, which describes the use of a card and card reader to make elevator calls. This satisfies the standard set forth in *Therasense*. Otis's supplemental response to Inventio's interrogatory (attached) details this evidence.

Otis agrees that its limitation of the inequitable conduct claim affects two of Inventio's motions *in limine* (Nos. 1 and 2) but in different ways than those expressed by Inventio.

First, if Inventio files a motion for summary judgment on inequitable conduct, it will render Motion *in Limine* No. 1, for Judgment on the Pleadings, moot. There is no need for the Court to decide separately the sufficiency of the pleadings pursuant to Rule 12(c) as well as the sufficiency of the evidence pursuant to Rule 56. However, if the Court wishes to consider the Rule 12(c) motion as well as the Rule 56 motion, then Otis requests leave to amend its inequitable conduct defense and counterclaim in light of the change in the legal standards in *Therasense* so that its pleading of the facts can reflect the current law.

*Folks, you don't get it. We are going to trial. I will not rule on Rule 12 or Rule 56 motions*

*Colleen McMahon*
*6/7/11*