**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

June 14, 2011

MEMO ENDORSED



DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE:  (303) 592-3100
FACSIMILE:  (303) 592-3140

*Via Hand Delivery*

The Honorable Colleen McMahon
Courtroom 14C
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY  10007-1312

WRITER'S DIRECT DIAL:
(312) 494-4454
mark.levine@bartlit-beck.com

Re:   *Schindler Elevator Corp. v. Otis Elevator Co.*
      Case No. 06-CV-05377 (CM) (THK)

Dear Judge McMahon:

   I represent Otis Elevator in this action.  I write this letter to bring the Court's attention to two Supreme Court decisions issued in the last two weeks that are relevant to the issues in this case.  Copies of both are attached.

   First, in *Global-Tech Appliances, Inc. v. SEB S.A.*, No. 10-6, slip op. (May 31, 2011), the Supreme Court ruled on the standard for inducement of infringement.  The Supreme Court held that "induced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement." *Id.* at 10.  The Court further held that "knowledge" refers to either actual knowledge or "willful blindness." *Id.* at 14.  "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.*

   Second, in *Microsoft Corp. v. i4i Limited Partnership*, No. 10-290, slip op. (June 9, 2011), the Supreme Court affirmed that invalidity must be shown by clear and convincing evidence.  However, the Court noted that the jury "may be instructed to evaluate whether the evidence before it is materially new, and if so, to consider that fact when determining whether an invalidity defense has been proved by clear and convincing evidence." *Id.* at 18.

Respectfully Submitted,

*[signature]*

Mark L. Levine
*Counsel for Defendant Otis Elevator Co.*

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/11

Enclosures

cc:  Jon W. Gurka (via email)
     Richard Z. Lehv (via email)
     *Counsel for Plaintiff Inventio*

---

[Handwritten memo endorsement:]

6/16/2011

Lots of new charges

I want jury charges from you, proposed findings of fact + conclusions of law for the equitable portion of the case (misconduct by i) 6/24